UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH RAYMOND GRECO, III | CIVIL ACTION |
| VERSUS | NO: 13-3514 |
| VELVET CACTUS, LLC AND SCOTT DICKINSON | SECTION: R(5) |

**ORDER AND REASONS**

Before the Court is defendants Velvet Cactus, LLC and Scott Dickinson's motion for attorney's fees. Because the Court finds that plaintiff asserted a frivolous Title VII claim against defendant Scott Dickinson, the Court GRANTS IN PART defendants' motion and awards defendants attorney's fees in the amount of $180.00.

## I. Background

Plaintiff Joseph Raymond Greco, III filed this suit against defendants Velvet Cactus, LLC and Scott Dickinson asserting claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 as well as state law tort claims.[1] On June 27, 2014, the Court granted summary judgment against plaintiff on his Title VII claims and declined to exercise jurisdiction over the

---

[1] R. Doc. 1.

pendent state law claims.[2] More specifically, the Court dismissed: 1) plaintiff's Title VII claims against Dickinson because a Title VII claim is not viable against a non-employer;[3] 2) plaintiff's Title VII sexual harassment claim against Velvet Cactus because "uncontroverted evidence demonstrates that Greco's behavior failed to send a consistent signal that Dickinson's conduct was unwelcome;"[4] and 3) plaintiff's Title VII retaliation claim against Velvet Cactus because "Greco [] failed to present any facts indicating the existence of a nexus between his alleged rejection of Dickinson's advances and [Velvet Cactus'] decision to terminate him."[5]

Defendants now move the Court to award attorney's fees under 28 U.S.C. § 2000e-5(k). Defendants argue that they "should be awarded its reasonable attorneys' fees associated with having to defend Plaintiff's baseless Title VII claims."[6] In response, plaintiff argues that defendants are not entitled to attorney's fees and, even if they were, that "Defendants' requested fees are unreasonable."[7]

---

[2] R. Doc. 68.

[3] *Id.* at 19.

[4] *Id.* at 24.

[5] *Id.* at 29.

[6] R. Doc. 58-1 at 2.

[7] R. Doc. 60 at 1.

**II. Discussion**

    **A. Legal Standard**

It is the general rule in the United States that in the absence of legislation providing otherwise, litigants are liable for their own attorney's fees. *See Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 415 (1978) (citing *Alyeska Pipeline Co. v. Wilderness Society*, 412 U.S. 240 (1975)). Congress has, however, provided limited exceptions to the general rule under selected statutes protecting particular federal rights. *See id.* Some of these statutes make fee awards mandatory for a prevailing plaintiff. Other statutes make fee awards permissive but limit the parties who can recover to prevailing plaintiffs. *See id.* at 415-416. Many of these statutes, however, provide the district court with a great deal of flexibility and discretion in awarding attorney's fees to either a prevailing plaintiff or a prevailing defendant. Section 706(k) of the 1964 Civil Rights Act falls within this last category. Section 706(k) provides:

> In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fees as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

Under § 706(k), a prevailing plaintiff is to be awarded attorney's fees in all but exceptional circumstances. *See Christianburg*, 434 U.S. at 417. However, the policy considerations that support granting attorney's fees to a prevailing plaintiff are not present when there is a prevailing defendant. As such, a district court may grant a prevailing defendant's attorney's fees only when the court in its discretion finds that the plaintiff's claims were "frivolous, unreasonable, or without foundation." *Id.* at 421. "[T]o determine whether a suit is frivolous, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 988 (5th Cir. 2008) (citing *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). When making this determination, the court may consider factors such as "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000).

Although defendants may be entitled to attorney's fees in some circumstances, "private enforcement would be substantially diminished if parties who had good faith claims under the civil rights statutes faced the prospect of always having to pay their opponent's fees should they lose." *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986). Thus, the frivolity standard "is

4

intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers*, 211 F.3d at 292 n.1 (internal citations omitted). Accordingly, claims do not need to be "airtight" to avoid being frivolous, and courts must be careful not to use the benefit of perfect hindsight in assessing frivolity. *Christianburg*, 434 U.S. at 421-22.

Finally, when determining whether a particular claim is frivolous, the court should consider each claim individually, as "a defendant may deserve fees even if not all the plaintiff's claims were frivolous." *Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011). If a suit involves both frivolous and non-frivolous claims, however, a prevailing defendant may only recover fees that "would not have accrued but for the frivolous claim." *Id.* at 2216.

**B. Analysis**

**1. Plaintiff's Title VII Claims Against Velvet Cactus**

Defendants argue that they are entitled to attorney's fees for the work performed in defending against plaintiff's Title VII claims against Velvet Cactus. Defendants point to the Court's order granting summary judgment to bolster their claim that

5

plaintiff failed to establish a prima facie case of either sexual harassment or retaliation against Velvet Cactus.[8]

As an initial matter, defendants' argument asks the Court to engage in precisely the type of post hoc reasoning the Supreme Court cautioned against in *Christianburg*. *Christianburg* makes it clear that a district court must not rely solely on the ultimate outcome of litigation as the standard for whether attorney's fees should be awarded. 434 U.S. at 421 (citing *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976)) (stating that awards of attorney's fees should not be granted to a prevailing defendant routinely or simply because he succeeds). Indeed, "the dismissal of a plaintiff's claim before they reach the jury is insufficient by itself to support a finding of frivolity." *Doe v. Silebee Independent Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011).

The dispositive question is instead whether plaintiff's Title VII claims against Velvet Cactus were "so lacking in arguable merit as to be groundless or without foundation." *Stover*, 549 F.3d at 988. Although plaintiff was ultimately unsuccessful in defeating summary judgment, there is little in the record that shows that his Title VII claims against Velvet Cactus were groundless or without foundation. Indeed, there is ample evidence in the record that defendant Dickinson, an owner and manager at Velvet Cactus, routinely engaged in sexually inappropriate behavior while working

---

[8] R. Doc. 75 at 1-2.

as a supervisor at Velvet Cactus.[9] Defendants also readily admit that Dickinson was suspended from work for approximately three weeks and was ultimately demoted to assistant manager as a consequence of his inappropriate behavior.[10] Thus, this is not a case where plaintiff's claims were manufactured out of whole cloth. *See Stover*, 549 F.3d at 998 (action not frivolous where the record contained some plausible evidence supporting plaintiff's claims). For the Court to assess attorney's fees under such circumstances would add substantially to the risks of litigation while also undercutting the efforts of Congress to promote the rigorous enforcement of Title VII. Accordingly, defendants' request for attorney's fees incurred in defending against plaintiff's Title VII claims against Velvet Cactus is denied.

**2. Plaintiff's Title VII Claim Against Dickinson**

Defendants further argue that they are entitled to the attorney's fees incurred in defending against plaintiff's Title VII claim against Dickinson. Defendants contend that because Title VII claims are only viable against an employer, plaintiff's Title VII claim against Dickinson, as an individual, was unsupported by law and therefore frivolous. In response, plaintiff argues that he "never pursued Title VII claims against Mr. Dickinson."[11]

---

[9] R. Doc. 28-19.

[10] R. Doc. 28-1 at 6-7.

[11] R. Doc. 60 at 1.

As the Court held in its summary judgment order, a "claim under Title VII is enforceable only against an employer, not an employee."[12] Accordingly, if plaintiff did assert a Title VII claim against Dickinson, defendants are clearly entitled to attorney's fees, as plaintiff's claim would have "relie[d] on an undisputably meritless legal theory." *Doe*, 440 F. App'x at 425. *See also Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (concluding that plaintiff's "Title VII claims against Gaspard were correctly deemed meritless and frivolous . . .[because] Gaspard was not an employer and therefore could not be sued in his individual capacity under Title VII").

Plaintiff's contention that he "never pursued Title VII claims against Mr. Dickinson" is without merit. Before filing the summary judgment motion, defendants contacted plaintiff, highlighted the futility of a Title VII claim against Dickinson in his individual capacity, and requested plaintiff to withdraw the claim.[13] Plaintiff did not do so. Additionally, plaintiff did not respond to Dickinson's motion for summary judgment on plaintiff's Title VII claim against Dickinson and did not otherwise inform the defendants or the Court that he did not intend to pursue such a claim. Thus,

---

[12] R. Doc. 68 at 19 (citing *Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 881 (E.D. La. 2013) ("The Fifth Circuit has also repeatedly held . . . that individuals, in particular employees and supervisors, cannot be held liable under Title VII in either their individual or official capacities.")).

[13] R. Doc. 58-2 at 35.

8

plaintiff had ample opportunity before this Court's summary judgment order to withdraw the claim and cannot now argue that he never pursued a Title VII claim against Dickinson. Accordingly, the Court finds that plaintiff brought a frivolous Title VII claim against defendant Dickinson.

### 3. Defendants' Attorney's Fee Award

Having determined that plaintiff's Title VII claim against Dickinson was frivolous, the Court now turns to the proper attorney's fee award. In his complaint, plaintiff alleged the same Title VII claims against Dickinson and Velvet Cactus. Nevertheless, as discussed above, only the Title VII claims against Dickinson were frivolous. Accordingly, defendants are entitled only to attorney's fees that "would not have accrued but for the frivolous claim" against Dickinson. *Fox*, 131 S. Ct. at 2216.

Having reviewed the record, defendants' attorneys' invoices, and the applicable law, the Court finds that defendants are entitled only to reasonable attorney's fees incurred in drafting the section of Dickinson's summary judgment motion dedicated to plaintiff's Title VII claims against Dickinson.[14] Indeed, with the exception of time billed for drafting the one-paragraph section of Dickinson's motion, all attorney's fees incurred in defending

---

[14] The remainder of Dickinson's four-page summary judgment motion is dedicated to plaintiff's state law claims. The Court did not reach the merits of these claims and instead declined to exercise jurisdiction over these pendent state law claims.

against plaintiff's frivolous Title VII claims against Dickinson would have accrued in defending against the parallel, non-frivolous Title VII claims against Velvet Cactus. These claims were based on the same factual predicate--Dickinson's alleged unwelcome sexual advances--and required the same factual development and legal analysis. After careful examination of defendants' attorneys' invoices, the Court is unable to find any work, with the exception of time billed for drafting the discrete section of Dickinson's summary judgment motion, that would not have been incurred but for the plaintiff's frivolous Title VII claim against Dickinson. Accordingly, the Court concludes that defendants are entitled only to the reasonable attorney's fees incurred in drafting the section of Dickinson's summary judgment motion dedicated to plaintiff's Title VII claims against Dickinson.

To calculate reasonable attorney's fees, the Fifth Circuit uses the "lodestar" method, which involves multiplying the reasonable number of hours spent by a reasonable hourly rate for such work in the community. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). A court may then enhance or decrease the lodestar based on the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Here, defendants' attorneys billed a total of 2.6 hours to draft the "motion for summary judgment on behalf of defendant Scott

Dickinson arguing the absence of a Title VII claim and failed sexual harassment claim."[15] The summary judgment motion dedicates one paragraph, comprised of five sentences, to plaintiff's Title VII claims against Dickinson.[16] The remainder of Dickinson's summary judgment motion is dedicated to plaintiff's state law claims. Accordingly, the Court finds one hour, out of the 2.6 hours spent on drafting the whole motion, to be a reasonable time to spend on the one paragraph addressing plaintiff's frivolous Title VII claim against Dickinson. The Court further finds that the billed rate, $180.00, to be a reasonable hourly rate for attorneys of a similar caliber practicing in the community. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (holding that when hourly rate is not contested, "it is prima facie reasonable") (internal citations omitted).

**III. Conclusion**

For the foregoing reasons, the Court finds that defendants are entitled to the reasonable attorney's fees incurred in defending against plaintiff's frivolous Title VII claim against Dickinson. Defendants are not entitled to attorney's fees incurred in defending against plaintiff's non-frivolous Title VII claims against Velvet Cactus. Therefore, the Court GRANTS IN PART

---

[15] R. Doc. 58-2 at 27.

[16] R. Doc. 29-1 at 2.

defendants' motion for attorney's fees and awards defendants attorney's fees in the amount of $180.00.

New Orleans, Louisiana, this 25th day of November, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE